# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 8, 2013

Lyle W. Cayce
Clerk

No. 12-10937
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee

v.

DANNY RAY BARRETT, also known as Daniel Barrett,

                    Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-1789

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

In 2009, Danny Ray Barrett, federal prisoner # 37245-177, was convicted of one count of access device fraud and one count of wire fraud and was ordered to pay restitution in the amount of $433,084.42. Because Barrett failed to satisfy fully the restitution amount, the Government filed a petition seeking to foreclose its restitution lien on Barrett's real property located at 13715 Preston Road, Building 2, Unit 180, Dallas, Texas (Preston Road). The district court granted the Government's motion for summary judgment on the basis that there were no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

genuine issues of material fact as to whether the Government was entitled to foreclose its lien and to sell Preston Road to satisfy Barrett's unpaid restitution judgment.

After Barrett timely appealed from the final judgment, the district court certified that the appeal had not been taken in good faith and denied his request for leave to proceed in forma pauperis (IFP) on appeal. Barrett now has moved in this court for leave to proceed IFP on appeal. His IFP motion is construed as a challenge of the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Barrett argues that the district court erred in concluding that there were no genuine issues of material fact with respect to whether the Government was entitled to foreclose its restitution lien. He contends that Preston Road was not identified as real property subject to seizure in the plea agreement pursuant to which he pleaded guilty. Barrett also asserts that he made considerable efforts to satisfy the restitution order and that he has experienced significant economic and personal hardships.

He has not identified any basis upon which Preston Road was not subject to foreclosure pursuant to the Government's valid restitution lien, and his instant appellate arguments are inapposite or irrelevant. Accordingly, Barrett has failed to identify a nonfrivolous issue for appeal, and his motion to proceed IFP is DENIED. *See id.* This appeal is DISMISSED AS FRIVOLOUS. *See id.* at 202 n.24; 5TH CIR. R. 42.2.